# EXHIBIT 1

# STATE OF NORTH CAROLINA

HARNETT County

File No. 16 CV 001977

In The General Court Of Justice
☐ District  ☒ Superior Court Division

| Name Of Plaintiff |
|---|
| BOBBIE A. JACKSON |
| Address |
| c/o Tart Law Group, P.A. |
| City, State, Zip |
| Dunn, NC 28334 |

## CIVIL SUMMONS
☐ ALIAS AND PLURIES SUMMONS (ASSESS FEE)

G.S. 1A-1, Rules 3 and 4

**VERSUS**

| Name Of Defendant(s) |
|---|
| TYCO ELECTRONICS CORPORATION |

Date Original Summons Issued

Date(s) Subsequent Summons(es) Issued

**To Each Of The Defendant(s) Named Below:**

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| Tyco Electronics Corporation by serving its Registered Agent, Corporation Service Company 327 Hillsborough St. Raleigh, NC 27603-1725 | |

### A Civil Action Has Been Commenced Against You!

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and
2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff) | Date Issued 9/24/16 | Time 3:00 ☐ AM ☒ PM |
|---|---|---|
| Lee T. Malone Tart Law Group, P.A. 700 W. Broad Street Dunn, NC 28334 | Signature | |
| | ☒ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court | |

☐ **ENDORSEMENT (ASSESS FEE)**
This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days.

| Date Of Endorsement | Time ☐ AM ☐ PM |
|---|---|
| Signature | |
| ☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court | |

**NOTE TO PARTIES:** *Many counties have MANDATORY ARBITRATION programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

(Over)

AOC-CV-100, Rev. 6/16
© 2016 Administrative Office of the Courts

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served | AM ☐ PM ☐ | Name Of Defendant |
|---|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served | AM ☐ PM ☐ | Name Of Defendant |
|---|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 6/16
© 2016 Administrative Office of the Courts

STATE OF NORTH CAROLINA     FILED    IN THE GENERAL COURT OF JUSTICE
                                                                   SUPERIOR COURT DIVISION

COUNTY OF HARNETT      2016 SEP 21 P 3:01 FILE NO.: _____

HARNETT CO., C.S.C.

| | | |
|---|---|---|
| BOBBIE A. JACKSON, | | **COMPLAINT** |
| | Plaintiff BY_____ | (COMP) (OTHER) |
| | | (Employment Discrimination Age and Sex) |
| v. | | (Retaliation for Asserting Right to Be |
| | | Free from Age and Sex Discrimination) |
| TYCO ELECTRONICS | | (Wrongful (Tortious) Termination) |
| CORPORATION, | | (Punitive Damages) |
| | Defendant. | (Jury Trial) |

## Nature of Action

In contravention of public policy, designed to prohibit status-based discrimination, Defendant-Employer denied Plaintiff-Employee of her right and opportunity to hold employment free of age and sex discrimination.

The Equal Employment Practices Act (EEPA) provides: "It is the public policy of this State to protect and safeguard the right and opportunity of all persons to seek, obtain and hold employment without discrimination or abridgement on account of ... age [and] sex by employers which regularly employ 15 or more employees." (N.C. Gen. Stat. §§ 143-422.1 and 143-422.2, *et seq*.)

Plaintiff's claims against Defendant are based on public policy against (1) age and sex discrimination in the work place, (2) retaliation for filing claims asserting right to be free from age and sex discrimination, (3) wrongful discharge (tortious termination of employment.)

Plaintiff seeks reinstatement of employment, monetary relief, including compensatory, liquidated, and punitive damages, interest, costs, and attorney's fees.

## Jurisdiction and Venue

1. Plaintiff Bobbie A. Jackson is a citizen and resident of the County of Harnett, State of North Carolina.

2. Defendant is a foreign corporation doing business in the State of North Carolina at 8000 Purfoy Road, Fuquay-Varina, North Carolina, in the assembling, packing, and shipping of electronic components.

3. Corporation Service Company, 327 Hillsborough Street, Raleigh, NC 27603 is the

registered agent of Tyco Electronics Corporation.

4. At all relevant times, Tyco Electronics Corporation was an employer "which regularly employ(s) fifteen or more employees" within the meaning of N.C. Gen. Stat. § 143.422.2.

5. At all relevant times, Defendant-Employer employed the following persons who acted as its employees and agents within the scope of their agency with regard to all the matters complained in this complaint: Raphael Marconi; Mark G. Johnson, plant manager; Robert Yarborough, manufacturing supervisor; Bill Dvorak; Martin Ramirez; Elizabeth Du; and Brandon Burton.

6. This court has jurisdiction over the parties under N.C. Gen. Stat. § 1-75.4.

7. Harnett County is the proper venue under N.C. Gen. Stat. § 1-76, et seq.

8. This Court is vested with subject matter jurisdiction over this cause under N.C. Gen. Stat. § 1-253, *et seq.* and N.C. Gen. Stat. § 7A-240.

## Factual Background

9. Plaintiff began work for Defendant-Employer on or about May 15, 1990.

10. Plaintiff has never received an unsatisfactory performance evaluation from Defendant in twenty-five years of employment.

11. At relevant times herein, Defendant's supervisor, Raphael Marconi, among other things:
    a. Used the term "closet space" rather than "rack location" when instructing or commenting to Plaintiff;
    b. Dissuaded Plaintiff's suggestions or comments by responding that "he had a wife;"
    c. Disapproved Plaintiff's suggestions, comments, or questions, by yelling at, talking down to, and belittling her; and
    d. While in a meeting, formed his hand suggesting a choking action, and said to Plaintiff, "You better be glad the table is between us."

12. Mark Johnson often dissuaded Plaintiff's questions, suggestions, or comments by telling her to "shut up and color."

13. At relevant times herein Defendant's supervisor, Martin Ramirez, among other things:
    a. Often said, "We have to keep the 'young guys' happy because they are the future of the company; and,
    b. Expressed his disapproval of Plaintiff's actions by yelling at, talking down to, and belittling her.

14. The constant and ongoing harassment and discrimination led Plaintiff to seek medical treatment for stress and anxiety.

15. On or about January 6, 2015, Robert Yarborough, manufacturing supervisor, Plaintiff, and Mark Johnson, plant manager, met to discuss company business. At the meeting, Robert Yarborough's words and actions, angry outbursts, and movements of his hands and body made it difficult to reasonably discuss the matters for discussion. Robert Yarborough's yelling at Plaintiff and slapping of his hands near her face was threatening, embarrassing, harassing, and created a hostile workplace.

16. Robert Yarborough's direct supervisor, nor any other manager, made effort to bring him under control.

17. Without hearing the Plaintiff's version of the incident, on or about February 13, 2015, Emily Du, Human Resources Director, instructed Plaintiff that she should undergo anger management training.

18. On or about February 13, 2015, Plaintiff filed a complaint alleging Employment Discrimination.

19. On or about March 18, 2015, Betsy Boger, Human Resources Director, notified Plaintiff that her February 13, 2015 complaint had been investigated and Plaintiff's position upheld.

20. On or about March 18, 2015, Defendant issued a Performance Improvement Plan (PIP).

21. On or about March 18, 2015, Defendant presented the Performance Improvement Plan to Plaintiff which outlined several areas of concern.

22. The areas of concern outlined in the PIP had been addressed by Plaintiff several weeks before the issuance of the PIP.

23. The investigator never interviewed or discussed the incident with Plaintiff.

24. On or about March 21, 2015, Plaintiff filed a complaint alleging retaliatory employment discrimination.

25. On or about March 21, 2015, Brandon Burton, HR Generalist, told the Plaintiff she was being suspended because she had an open retaliation claim.

26. Plaintiff was informed that she was suspended without pay because she filed a hotline report and management would not allow her to be at the workplace during the investigation.

27. On or about April 10, 2015, Brandon Burton, HR Generalist, told Plaintiff she was being terminated from her employment.

28. Upon information and belief, Defendant fired Plaintiff because she initiated formal complaints of discrimination.

29. The Performance Improvement Plan references matter was previously addressed and resolved by Plaintiff.

30. Defendant's first notice to Plaintiff alleging, "overall performance for FY 15 was below expectation" was within forty-eight hours of notice of the report from the investigation of her complaint.

31. The State of North Carolina recognizes that the practice of denying employment opportunity and discriminating in the terms of employment foments domestic strife and unrest, deprives the State of the fullest utilization of its capacities for advancement and development, and substantially and adversely affects the interest of employees, employers and the public in general.

32. Defendants intentionally discriminated against Plaintiff by firing her, because she filed a complaint for discrimination.

33. Defendant intentionally discriminated against Plaintiff because of her age and long years of service.

### First Claim for Relief – Age Discrimination

34. Plaintiff incorporates the foregoing allegations by reference.

35. Defendant intentionally discriminated against the Plaintiff because of her age.

36. Plaintiff is informed and believes that her job duties were distributed among the younger men and women.

37. Plaintiff is informed and believes that Defendant targeted older employees for discharge.

38. Plaintiff is informed and believes that Defendant engaged in a pattern and practice of age discrimination.

39. Defendant committed unlawful and discriminatory practices contrary to the provisions of the Equal Employment Practices Act (N.C. Gen. Stat. § 143-422.1 *et seq.*)

### Second Claim for Relief – Sex Discrimination

40. Plaintiff incorporates the foregoing allegations by reference.

41. Defendant intentionally discriminated against Plaintiff because of her sex.

42. Plaintiff engaged in sex discrimination especially in terms of denial of training opportunities, business opportunities, teamwork, collaboration among colleagues, and differential employment action.

43. The conduct unreasonably interfered with Plaintiff's work performance.

44. Plaintiff is informed and believes that Defendant has engaged in a pattern and practice of sex discrimination.

45. Certain employees' conduct constituted a continuing violation of Plaintiff's right to be free from a work environment hostile to women.

46. Defendant denied Plaintiff a safe workplace, free from sexual discrimination, in violation of applicable laws.

47. Defendant-Employer failed to stop sexual discrimination of Plaintiff or to discipline its employees for her illegal conduct.

48. The action of Defendant-Employer as set forth herein constitutes sex discrimination contrary to the provisions of the Equal Employment Practices Act (N.C. Gen. Stat. § 143-422.1 *et seq.*)

49. The actions of Defendant-Employer constitute unlawful, intentional discrimination contrary to the provision of the Equal Employment Practices Act.

### Third Claim for Relief – Retaliation Two Counts for Assertion of Right to Be Free from (1) Age and (2) Sex Discrimination

50. Plaintiff incorporates the foregoing allegations by reference.

51. Defendant intentionally discriminated against Plaintiff as retaliation for her filing complaints for age discrimination.

52. Defendant intentionally discriminated against Plaintiff as retaliation for her filing complaints for sex discrimination.

53. Defendant's action constitutes retaliation against Plaintiff for the assertion of her right to be free from discrimination contrary to the provision of the Equal Employment Practices Act (N.C. Gen. Stat. § 143-422.1 *et seq.*)

### Fourth Claim for Relief – Wrongful Discharge (Tortious)Termination

54. Plaintiff incorporates the foregoing allegations by reference.

55. Defendant intentionally discriminated against Plaintiff because of her age.

56. Defendant intentionally discriminated against Plaintiff because of her sex.

57. The public policy of the State of North Carolina protects and safeguards the right and opportunity of all persons to seek, obtain, and hold employment without discrimination or abridgement on account of age and sex (N.C. Gen. Stat. §143-422.2.)

58. The public policy exception to the at-will employment doctrine applies here, because the employer, contrary to law or public policy, terminated the employee in retaliation for exercising a protected right, the right to file a complaint asserting rights to be free from age and sex discrimination.

59. Plaintiff is a terminable-at-will employee, who engaged in protected activities—reporting and filing of complaints for age and sex discrimination in the work place.

60. Plaintiff's participation in conduct protected by law was a substantial factor in Defendant's decision to terminate Plaintiff's employment.

61. Plaintiff's participation in conduct protected by law—filing complaints asserting her right to be free from <u>age</u> and <u>sex</u> discrimination—was a substantial factor in Defendant's termination of Plaintiff's employment.

62. The termination of Plaintiff from her employment was in violation of public policy.

<u>Fifth Claim for Relief - Negligence Infliction of Severe Emotional Distress</u>

63. Plaintiff incorporates the foregoing allegations by reference.

64. The action of Defendant's employees, Raphael Marconi; Mark G. Johnson, plant manager; Robert Yarborough, manufacturing supervisor; Bill Dvorak, Martin Ramirez; Elizabeth Du; and Brandon Burton (hereinafter referred to as "Management"), constitutes negligence.

65. Defendant had notice of Management's negligent conduct toward Plaintiff.

66. Defendant negligently failed to engage in a proper investigation of said conduct.

67. Defendant failed to halt Management's conduct.

68. Defendant failed to offer an appropriate remedy to Plaintiff.

69. Defendant tolerated Management's behavior toward Plaintiff.

70. Defendant knew, or reasonably should have known, that Management's behavior would cause Plaintiff severe emotional distress.

71. Management's negligent conduct proximately caused severe emotional distress, injury, and damage to Plaintiff.

72. Defendant is responsible for Management's conduct;

73. Plaintiff is entitled to damages as herein alleged.

### Sixth Claim for Relief - Intentional Infliction of Severe Emotional Distress

74. Plaintiff incorporates the foregoing allegations by reference.

75. The action of Management, constitutes extreme and outrageous conduct and shows a reckless indifference to the likelihood that her action would cause severe emotional distress to Plaintiff.

76. Defendant failed to halt Management's conduct and offer an appropriate remedy to Plaintiff, instead tolerated Management's conduct as acceptable and, thereby, ratified her behavior.

77. Defendant, although placed upon notice of Management's extreme and outrageous conduct toward Management failed to engage in a proper investigation of said conduct and prevent Management from engaging in said conduct, therefore ratifying Management extreme and outrageous conduct.

78. Defendant knew, or reasonably should have known, that Management's behavior would cause severe emotional distress to Plaintiff, and, in fact, Management's conduct proximately caused injury and damage to Plaintiff as set forth herein

### Seventh Claim for Relief Punitive Damage Claims – Four Counts

79. Plaintiff incorporates the foregoing allegations by reference.

80. Defendant's **age** discrimination against Plaintiff was intentional, malicious, willful, and wanton; therefore, an award of punitive damages is justified.

81. Defendant's **sex** discrimination against Plaintiff was intentional, malicious, willful, and wanton; therefore, an award of punitive damages is justified.

82. Defendant's **retaliation** discrimination against Plaintiff was intentional, malicious, willful, and wanton; therefore, an award of punitive damages is justified.

83. Defendant's **wrongful discharge** of the Plaintiff was intentional, malicious, willful, and wanton; therefore, an award of punitive damages is justified.

### Eighth Claim for Relief – Damage Claims

84. Plaintiff incorporates the foregoing allegations by reference.

85. Defendant's acts proximately caused injuries and damages to Plaintiff as herein alleged.

86. Plaintiff is entitled to reinstatement to her job, back pay, interest on back pay, front pay, and employment benefits including, but not limited to, vacation pay, sick pay, health insurance benefits, and life insurance benefits.

87. Plaintiff is entitled to liquidated damages determined at trial.

88. Plaintiff is entitled to money damages in excess of Twenty-Five Thousand Dollars ($25,000.00)

89. Plaintiff is entitled to punitive damages determined at trial.

### Ninth Claim for Relief Attorney Fees, Interest and Cost

90. Plaintiff incorporates the foregoing allegations by reference.

91. Plaintiff is entitled to recover reasonable attorney fees.

92. Plaintiff is entitled to interest as provided by law.

93. Plaintiff is entitled to expenses and cost.

WHEREFORE, Plaintiff respectfully prays the Court for the following relief:

1. Reinstatement of Plaintiff to her job, back pay, interest on back pay, front pay, and employment benefits including, but not limited to, vacation pay, sick pay, health insurance benefits, and life insurance benefits;

2. Liquidated damages to be determined at trial;

3. Punitive damages to be determined at trial;

4. Money judgment exceeding $25,000.00;

5. Interest, costs, and reasonable attorney fees;

6. An order for such further relief as may be just, proper, and necessary to afford complete relief to Plaintiff; and

7. Trial by jury.

This 21st day of September, 2016.

TART LAW GROUP, P.A.

*/s/ Lee L. Tart Malone*
Lee L. Tart Malone
NC State Bar No. 34083
Attorneys for Plaintiff
700 West Broad Street
Dunn, North Carolina 28334
(910) 892-5388
(910) 892-1337 fax


BUZZARD LAW FIRM

*/s/ Robert A. Buzzard*
Robert A. Buzzard
Attorneys for Plaintiff
728 South Main Street
P.O. Box 700
Lillington, NC 27546
T: (910) 893-2900