IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:16-CV-873-FL

| | |
|---|---|
| BOBBIE A. JACKSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) **ORDER ON BILL OF COSTS** |
| TYCO ELECTRONICS CORPORATION, | ) ) ) |
| Defendant. | ) |

This matter is before the clerk on the motion for bill of costs [DE-45] filed by defendant Tyco Electronics Corporation. Plaintiff has failed to file any opposition to the motion, and the time to do so has expired. For the reasons set forth below, the motion [DE-45] is GRANTED in part.

## BACKGROUND

In an order filed September 29, 2018 [DE-43], the court granted defendant's motion for summary judgment. Judgment [DE-44] was entered in favor of the defendant that same day. Defendant timely filed its motion for bill of costs [DE-45].

## DISCUSSION

Defendant seeks costs under Rule 54(d)(1) as the prevailing party in this action. See Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."). Federal courts may assess only those costs listed in 28 U.S.C. § 1920. See Arlington Cent. Sch. Bd. of Educ. v. Murphy, 548 U.S. 291, 301 (2006); Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987), superseded on other grounds by statute, 42 U.S.C. § 1988. Local Civil Rule 54.1

"further refines the scope of recoverable costs." Earp v. Novartis Pharmaceuticals Corp., No. 5:11-CV-680-D, 2014 WL 4105678, at *1 (E.D.N.C. Aug. 19, 2014). In this case, defendant seeks recovery of $2,126.94 in costs from plaintiff.

More specifically, defendant requests $1,050.77 in costs associated with deposition transcripts. "Fees for printed or electronically recorded transcripts necessarily obtained for use in the case" may be taxed as costs. 28 U.S.C. § 1920(2). Defendant submitted the invoice for the deposition of plaintiff, and the clerk finds that the transcript was necessarily obtained for use in the case. The invoice, however includes charges for exhibits, a litigation package, witness read and sign services, and shipping and handling. See Mot. for Bill of Costs, Decl. of Counsel, Ex. A [DE-45-1]. This court has construed 28 U.S.C. § 1920(2) and Local Civil Rule 54.1 as not encompassing those charges. See Dutton v. Wal-Mart Stores East, L.P., No. 4:11-CV-94-BO, 2015 WL 1643025, at *2 (E.D.N.C. March 13, 2015) ("In construing 28 U.S.C. § 1920 and Local Civil Rule 54.1, this court has also denied fees for copies of deposition exhibits, read and sign, rough drafts, litigation support packages, ASCII disks, shipping, handling and expedited processing."); Nwaebube v. Employ't Sec. Comm'n of N.C., No. 5:09-CV-395-F, 2012 WL 3643667, at *1 (E.D.N.C. Aug. 21, 2012) (disallowing costs of exhibit copies); Parrish v. Johnston Comty. Coll. No. 5:09-CV-22-H, slip. op. at 2-3 (E.D.N.C. Feb. 13, 2012) (observing that "Local Civil Rule 54.1(c)(1)(a) specifies that taxable costs incident to the taking of depositions normally include only the court reporter's fee and the fee for the original transcript of the deposition"). Accordingly, defendant's request for transcript fees is granted in part, and defendant's fees in the amount of $801.50[1] are taxed pursuant to 28 U.S.C. § 1920(2).

---

[1] This total includes the cost of the original deposition transcript ($756.50) and the court reporter's attendance fee ($45.00).

Defendant also seeks costs "for professional fees related to the parties' mandatory court-ordered settlement conference." Mot. for Bill of Costs, Decl. of Counsel Defendant ¶ 5. "Mediator fees are not recoverable under section 1920 or Local Civil Rule 54.1(c)." Hexion Specialty Chems., Inc. v. Oak-Bark Corp., No. 7:09-CV-105-D, 2012 WL 2458638, at *6 (E.D.N.C. June 27, 2012); see also AM Properties v. Town of Chapel Hill, 202 F. Supp. 2d 451, 456 (M.D.N.C. 2002) (explaining that mediator fees are not referenced as taxable costs under § 1920 and collecting cases). Defendant's request for mediator fees in the amount of $676.17 is disallowed.

Finally, defendant seeks costs in the amount of $400.00 pursuant to § 1920(1) for fees paid to the clerk to remove the action to this court. The request is allowed.

## CONCLUSION

In summary, defendant's motion for bill of costs [DE-45] is GRANTED in part. Defendant Tyco Electronics Corporation is awarded costs in the amount of (1) $400.00 for fees paid to the clerk pursuant to 28 U.S.C. § 1920(1) and (2) $801.50 for deposition transcripts pursuant to 28 U.S.C. §1920(2). Total costs in the amount of $1,201.50 are taxed against plaintiff Bobbie A. Jackson and shall be included in the judgment.

SO ORDERED. This the 28 day of August, 2019.

Peter A. Moore, Jr.
Clerk of Court